```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAMSIDDIN NAJMIEV, individually and on      :
behalf of all other persons similarly situated who :
were employed by SPECIAL TOUCH HOME           :
CARE SERVICES, INC.,                          :
                                              :
                           Plaintiffs,        :
                                              :
                                              :
              -against-                       :
                                              :
SPECIAL TOUCH HOME CARE SERVICES,             :
INC.,                                         :
                                              :
                           Defendant.         :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2017
```

17-CV-01386 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Shamsiddin Najmiev filed a putative class action in New York Supreme Court against his former employer, Defendant Special Touch Home Care Services ("Special Touch"), a home health care agency. Special Touch removed the case to federal court, asserting that Plaintiff's claims are preempted pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). Plaintiff moves for remand, arguing that his claims are not preempted and that, therefore, the case was improperly removed. For the following reasons, the Court GRANTS the motion and REMANDS this case to New York Supreme Court.

## BACKGROUND

Plaintiff filed suit in State court, on behalf of himself and other Special Touch employees, alleging various violations of wage and hour provisions of New York Labor Law ("NYLL"). Complaint ("Compl.") ¶¶ 55-84, Dkt. 1-1. Plaintiff also sues, as a third-party beneficiary, for breach of contract, alleging that Special Touch breached its contract with government agencies by failing to pay prevailing rates of wages and benefits, as required by NY

1

Public Health Law ("NYPHL"), and that Special Touch breached its city service contracts by failing to pay living wages and health benefits, as required by NYC Administrative Code ("Code").  Compl. ¶¶ 85-98.

Special Touch removed this case from State court, asserting that Plaintiff's claims are substantially dependent upon an interpretation of a collective-bargaining agreement ("CBA") between Special Touch and Plaintiff's union and, therefore, are preempted pursuant to Section 301 of the LMRA.[1]  Notice of Removal ¶ 24, Dkt. 1.  Special Touch asserts that its compensation policies and practices "were undertaken by Special Touch in accordance with and pursuant to the specific provisions" of the CBA.  Notice of Removal ¶ 24(b).

Plaintiff moves for remand, arguing that his claims are not preempted by Section 301 because resolution of his claims requires an interpretation of only state law and not the CBA. Special Touch counters that to resolve Plaintiff's claims, the Court must determine whether the CBA modified or waived the at-issue NYLL provisions, which would require the Court to interpret the CBA.  The Court agrees with Plaintiff and REMANDS this case to New York Supreme Court.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in a State court may be removed by defendants to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a).  "A party seeking removal bears the burden of showing that federal jurisdiction is proper."  *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).  Pursuant to the well-pleaded complaint rule, federal subject matter jurisdiction exists if

---

[1] The CBA is actually comprised of several documents: an initial collective-bargaining agreement and various amendments and modifications to that agreement.  Notice of Removal ¶ 20; *see* Declaration of Evan Ostrovsky ("Ostrovsky Decl.") ¶ 12, Dkt. 1-4.  No party distinguishes between any of the individual documents that comprise the CBA, and so the Court, too, will use "CBA" to refer to the entire collection of documents.

the well-pleaded complaint presents a federal question; the fact that the claims may be subject to a federal defense does not create a federal question. *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Nevertheless, the "'complete pre-emption corollary to the well-pleaded complaint rule,' which applies to claims brought under section 301 of the LMRA, provides 'that any claim based on preempted state law is considered a federal claim arising under federal law.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113-14 (2d Cir. 2003) (quoting *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 232 (2d Cir. 1997)). Section 301 of the LMRA thus has "unusual preemptive power"—it creates "federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." *Id.*

Section 301 preempts state law claims that "are substantially dependent upon analysis of the terms" of a collective-bargaining agreement. *Id.* (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). But not every suit concerning labor relations or involving a CBA is subject to preemption. *Id.* For example, a state claim that merely refers to the CBA for "information such as rate of pay and other economic benefits" relevant to determining damages would not be preempted. *Id.* at 115 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12 (1988)). Although the boundary between claims that require interpreting the CBA and claims that require merely consulting the CBA can be "elusive," *id.* (quoting *Wynn v. AC Rochester*, 273 F.3d 153, 158 (2d Cir. 2001) (per curiam)), if "the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes" and is not subject to federal jurisdiction. *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 421 (S.D.N.Y. 2013) (quoting *Severin v. Project OHR, Inc.*, No. 10-CV-9696, 2011 WL 3902994, at *4 (S.D.N.Y. Sept. 2, 2011)).

**NYLL Claims**

Defendant's argument for preemption stems from its theory that the CBA modified or waived the NYLL provisions that are the subject of Plaintiff's suit; according to Defendant, because the Court will need to interpret the CBA to determine whether it modified or waived those provisions of the NYLL, Plaintiff's NYLL claims are preempted. Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("Opp.") 18, Dkt. 22.

The Supreme Court, however, rejected that argument in *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In *Caterpillar*, the Supreme Court concluded that the fact that the defendants intended to assert that the collective-bargaining agreement waived certain provisions of state law was not a basis to remove what was otherwise a state law claim to federal court:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.

*Id*. at 398-99.

Courts have routinely found that the types of NYLL claims alleged by Plaintiff "are 'legally independent' of wage-related provisions in a CBA and are, therefore, not preempted by the LMRA." *Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 229 (S.D.N.Y. 2016) (collecting cases*); see also Severin*, 2011 WL 3902994, at *4 (plaintiffs' NYLL claims for failure to pay minimum wage and overtime compensation "are legally independent of the CBA . . . . No provision of the CBA needs to be interpreted to decide either of these statutory claims."). Plaintiff's Complaint alleges that Defendant's compensation

policies and practices violated particular provisions of the NYLL. Compl. ¶¶ 55-84. This Court, too, finds that those are allegations of violation of state law; as in *Caterpillar*, Plaintiff is the master of his complaint, and the mere fact that Defendant may base its defense on the CBA does not provide a basis for federal jurisdiction.

Defendant argues that *Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003), requires this Court to find that Plaintiff's claims are preempted, noting that *Vera* held that the plaintiff's claim for failure to pay wages pursuant to NYLL § 193 was preempted. Although Plaintiff here also alleges violations of NYLL § 193, Defendant ignores that as the "master of the complaint," a plaintiff may choose to bring state-law claims rather than ones based on federal law. *See Caterpillar*, 482 U.S. at 399; *see also Borek v. Weinreb Mgmt.*, 933 F. Supp. 357, 362 (S.D.N.Y. 1996). In *Vera*, the Second Circuit concluded that the plaintiff's claim was preempted because the claim challenged the legality of a term of the CBA. Because resolution of that claim required substantial interpretation of the CBA, it was subject to preemption. *Vera*, 335 F.3d at 116. Here, Plaintiff does not challenge the lawfulness of any term in the CBA; as discussed above, resolution of the NYLL claims does not require any interpretation of the CBA. Therefore, this case was not properly removed.[2]

**Breach of Contract Claims**

Defendant also argues that Plaintiff's breach of contract claims directly plead violations of the CBA and are, therefore, preempted under Section 301. Although Plaintiff's breach of contract claims do not directly invoke or make explicit reference to the CBA, *see* Compl. ¶¶ 85-98, Defendant argues that because Plaintiff's claims refer to NYPHL and the Code, and those

---

[2] Because the Court concludes that Plaintiff's NYLL claims do not require an interpretation of the CBA, the Court need not consider Defendant's lengthy discussion on the merits of whether the CBA did, in fact, lawfully modify or waive compliance with NYLL, nor need it consider whether the particular NYLL laws at issue can lawfully be modified or waived by a CBA.

statutory provisions reference collective-bargaining agreements, *see* NYPHL § 3614-c *and* Code § 6-109, Plaintiff has incorporated the CBA into his claims and invoked federal jurisdiction.

Defendant's preemption-by-incorporation argument is meritless. Defendant attempts to derive preemption from the claim's reference to a statute that references collective-bargaining agreements, but the mere fact that a claim references a collective-bargaining agreement does not provide a basis for preemption. *See Vera*, 335 F.3d at 115 (claim's "mere referral to the CBA" does not result in preemption). To the extent that Defendant means to argue that collective-bargaining agreements can modify or waive benefit provisions of the NYPHL and the Code, that argument is just a repackaging of Defendant's NYLL argument and fails for the reasons discussed above. The fact that the state court may have to determine whether the NYLL, NYPHL and Code provisions can lawfully be modified by a CBA is not a grounds for preemption. Quite the contrary, that is a quintessential state law issue, which ought to be decided by state courts. *Cf. Am. Broad. Cos. v. Roberts*, 61 N.Y.2d 244 (1984) (compliance with NYLL § 162(3) can be waived in a collective-bargaining agreement).

Resolution of Plaintiff's breach of contract claims requires an analysis of only state law; therefore, these claims, too, are legally independent of the CBA. To prevail on a breach of contract claim as a third-party beneficiary, plaintiff must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) (quoting *State of Cal. Pub. Employees Ret. Sys. v. Shearman & Sterling*, 95 N.Y.2d 427, 434-35 (2000)). Although these claims require an analysis of New York law and the contracts for which Plaintiff

is claiming breach, they do not require an interpretation of the CBA. *See Wysocki v. Kel-Tech Constr. Inc.*, 847 N.Y.S.2d 166, 167 (1st Dep't 2007) (plaintiffs' common-law breach of contract claims asserting that they were third-party beneficiaries of "public works contracts incorporating state prevailing wage requirements and wage schedule" are independent of the collective-bargaining agreement and not grounds for preemption under the LMRA). Therefore, the Court also lacks federal jurisdiction over Plaintiff's breach of contract claims.

**Grievance and Mediation/Arbitration Provisions in the CBA**

Defendant's final ground for removing this case is based on the grievance and mediation/arbitration provisions in the CBA. Notice of Removal ¶¶ 24(a), (c). Asserting that Plaintiff failed to exhaust the grievance and mediation/arbitration procedures in the CBA, Defendant argues that the Court must interpret the CBA to determine whether Plaintiff's wage claims must be arbitrated before those claims are heard in federal court. Notice of Removal ¶ 24(c). Defendant did not brief this issue, choosing instead to drop a footnote stating that its other arguments "provide ample basis" for federal jurisdiction and that it was therefore "unnecessary for Special Touch to brief this additional ground." Opp. 22 n.6. To the extent Defendant has not abandoned the issue by failing to brief it, *see Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014), Defendant, again, is attempting to create federal jurisdiction through its defense to Plaintiff's claims. As discussed above, that is not a valid basis for federal jurisdiction. *Chu*, 194 F. Supp. 3d at 229 ("[A] defendant's assertion that a collective bargaining agreement compels arbitration is a defense to a claim that is distinct from the LMRA complete preemption doctrine and as such does not create a valid basis for federal jurisdiction.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. In addition, Defendant's motion to dismiss, or in the alternative, to compel arbitration [Dkt. 4] is DISMISSED as moot. The Clerk of Court is respectfully directed to terminate Docket Entry Numbers 4 and 16, REMAND this case to New York Supreme Court, and close this case.

**SO ORDERED.**

Date:  July 12, 2017
      New York, New York

      _____
      **VALERIE CAPRONI**
      **United States District Judge**